UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALI MALKANDI | CASE NO. C12-00036-RSM |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| ANNE CORSANO, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's motion for reconsideration. Dkt. # 29. Petitioner contends that the Court committed manifest error by failing to consider the law of refugee admission in its Order on the parties' cross-motions for summary judgment. Dkt. # 27. For the reasons that follow, the motion is DENIED.

Motions for reconsideration are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff's motion consists primarily of re-argument and amplification of assertions presented earlier. Although the Court did not specifically discuss the "unique, counter-intuitive law of

refugee admission, inspection, and entry," in its prior Order, it considered Petitioner's argument and authority for the proposition that the *void ab initio* case law does not apply to refugees. The Court ultimately rejected the argument because no authority cited by Petitioner compels the result she seeks: that she is entitled to naturalization on the basis that she was initially permitted entry to the United States as a refugee. Petitioner may be correct that "admission" as a refugee requires only procedural compliance under INA 207; 8 U.S.C. 1157. INA 209, 8 U.S.C. 1159; INA 101(a)(l3)(A); 8 U.S.C. 1101 (a)(13)(A); *Hung Sum v. Holder*, 602 F.3d 1092 (9th Cir. 2010); *see also Matter of D-K*, 25 I. & N. Dec. 761, 769, 2012 WL 1386855 (BIA Apr. 12, 2012) (finding that a refugee has been "admitted" when entry is lawful after inspection and authorization by an immigration officer). Petitioner failed to demonstrate, however, that mere procedural compliance in the face of substantive determinations that she was not entitled to lawful admission, requires this Court to judicially naturalize her. The Court's Order did not graft a substantive compliance requirement onto refugee status at entry. Rather, the Court was compelled by binding Ninth Circuit authority to consider the effect of Ms. Malkandi's fraudulent entry on the BIA's decision to deny her naturalization application. Accordingly, the Court disagrees with Petitioner that *Monet v. INS*, 791 F.2d 752 (9th Cir. 1986), *Segura v. Holder*, 605 F.3d 1063 (9th Cir. 2010), and *Shin v. Holder*, 607 F.3d 1213 (9th Cir. 2010) are irrelevant to whether she is entitled to naturalization.

    The relief Petitioner seeks would require the Court to grant citizenship to individuals admitted as refugees, despite subsequent determinations that they would not have been entitled to lawful entry had the error or fraud been known at that time. Thus, by Petitioner's reasoning, aliens admitted as refugees who were never entitled to refugee status in the first instance *must* be

naturalized,[1] but other admitted immigrant classes later found to be inadmissible at entry must be denied naturalization. Petitioner has not shown that either Congress or the Ninth Circuit intended this result. The Court stands by its prior Order.

Having reviewed Petitioner's motion for reconsideration and the remainder of the record, the Court hereby finds and **ORDERS**:

1. Petitioner's Motion for Reconsideration (Dkt. # 29) is DENIED.

2. The Clerk is directed to forward a copy of this Order to Petitioner and to all counsel of record.

DATED this 15th day of February 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] Although Petitioner maintains that she was entitled to refugee status when she entered the United States, it is undisputed that she did not apply for refugee status in her own right. Moreover, Immigration Judge Kenneth Josephson stated in his 2010 Decision that Mrs. Malkandi only "now qualifies for asylum" because she converted to Catholicism *after* arriving in the United States. Thus, "Respondent cannot now seriously claim that she was properly admitted as a refugee at the time of her admission based on circumstances that did not exist at that time." *In the Matter of Mali Malkandi*, File No. A75-043-855, A75-060-419, Decision of the Immigration Judge re Motion to Reconsider, p. 5 (Immigration Ct. Seattle, Wash. May 07, 2010).